MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: AmeriCredit Financial Services, Inc., dba GM Financial

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Case No. 18-28330(JNP) |
| JULIE MARIE SCHWARTZ | Chapter 13 |
|  | Hearing Date: 11-28-18 |
|  | **OBJECTION TO CONFIRMATION** |

AmeriCredit Financial Services, Inc., dba GM Financial ("GM FINANCIAL"), a secured creditor of the debtor, objects to the confirmation of the debtor's plan for the following reasons:

a. **VEHICLE UNDERVALUED:**   GM FINANCIAL has a first purchase money security interest encumbering 2014 KIA SOUL.  In October, with assumed mileage of 67,500, the vehicle had a clean retail value of $9900 in the October 2018 NADA Official Used Car Guide.  The net loan balance at filing on the retail installment contract was $8,434.58.  The plan must be amended to pay the net loan balance at filing with interest at 6.25% (being prime at 5.25% plus a risk factor of 1%).  The trustee should compute

interest. If interest was pre-computed, the trustee would pay GM Financial $9,842.78 over 60 months.

b. **Adequate protection:** The plan violates code sections 361, 1325 and 1326. It fails to pay adequate protection payments to GM Financial. Adequate protection payments must be given super priority administrative expense status and paid ahead of attorney fees. GM Financial requests adequate protection payments of $126 per month, being 1.5% of the net loan balance, beginning in October of 2018 and continuing until regular payments begin to be made to GM Financial.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. GM FINANCIAL Dealer Services must be listed as loss payee or additional insured. **The debtor must provide GM FINANCIAL with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the debtor provide proof of insurance**.

d. Part 4d of the plan makes no sense since it pays GM Financial the total of $94.

e. The plan may not be feasible.

f. GM FINANCIAL must retain its lien on the vehicle after confirmation and the plan must provide for this.

/s/ John R. Morton, Jr.___
John R. Morton, Jr., attorney for GM FINANCIAL

Dated: 11-16-18